## NORTHEAST NATIONAL BANK

v.

### Art TILLOTSON, et al.

**Bankruptcy No. 481–00145.**
**Adv. No. 481–0118.**

United States Bankruptcy Court,
N. D. Texas,
Fort Worth Division.

June 29, 1981.

Marion L. Massey, Fort Worth, Tex., for N. E. Nat. Bank.

Steve C. Cocanower, Fort Worth, Tex., for Tillotson.

### MEMORANDUM OPINION

JOHN FLOWERS, Bankruptcy Judge.

Northeast National Bank (hereinafter the "bank") filed a complaint to lift stay to foreclose on certain collateral. The debtor, Art Tillotson, filed an answer and cross-action alleging that the bank charged the debtor usurious interest and alternatively that the bank's claim is unsecured.

At the hearing on June 17, 1981, the bank introduced the original and renewal notes evidencing a $20,800.00 debt which is the basis of the bank's claim. Both notes recite Art Tillotson Builders, Inc. as debtor in the body of the note, however they are signed "Debtor: /s/ Art Tillotson." The September 24, 1979 note recites an annual percentage rate of 14.25%, and the March 24, 1980 note recites an annual percentage rate of 18%. Both instruments also recite that the "Debtor hereby grants to Bank a security

interest under the Texas Uniform Commercial Code in the following described property." The security agreement lists a 1978 Chevrolet 2 door Corvette and a 1978 Buick as collateral for the loan. The automobiles are owned by Tillotson individually.

The instruments are ambiguous as to whether they evidence a corporate or personal liability. Consequently parol evidence is admissible for the purpose of ascertaining the real intention of the parties, *James Stewart & Co. v. Law*, 149 Tex. 392, 233 S.W.2d 558 (1950); *Henry v. Powers*, 447 S.W.2d 738 (Tex.Civ.App.—Houston [1st Dist. 1969] no writ. hist.) Art Tillotson testified that the note was signed as a corporate obligation of Art Tillotson Builders, Inc. The vice president of the bank likewise testified the parties intended a corporate obligation. The loan proceeds were used by the corporation for corporate purposes. Consequently I find that the corporation, and not Art Tillotson individually, was liable on the note, and that the contracted interest rate is within the legal rate for corporate obligations in Texas.

The debtor contends that if the corporation is the obligor on the note the security agreement contained therein is ineffective to create a lien on the automobiles described in the agreement. Section 9.203 of the Tex.Bus. and Comm. Code requires that the debtor sign a security agreement and that the debtor have rights in the collateral in order for the security interest to be enforceable. The debtor takes the position that because the corporation did not own either motor vehicle the corporate debtor had no rights in the collateral that could attach pursuant to section 9.203.

Controlling are portions of the Texas Business and Commercial Code which speak to the issue where the obligor and the owner of the collateral are different entities. Section 9.105 of the Code states in pertinent part:

Where the debtor and the owner of the collateral are not the same person, the term "debtor" means the owner of the collateral in any provision of the chapter dealing with the collateral, the obligor in any provision with the obligation, and may include both where the context so requires.

The Official Code Comment to section 9.105 states:

"Debtor": In all but a few cases the person who owes the debt and the person whose property secures the debt will be the same. Occasionally, one person furnishes security for another's debt . . . in such cases the term "debtor" may, depending upon the context, include either or both persons.

The Official Code Comment to section 9.112 states:

Whether a person who does not own property has authority to encumber it for his own debts and whether a person is free to encumber his property as collateral for the debts of another are matters to be decided under other rules of law and are not covered by this section.

Therefore, for the bank to have a valid lien the owner of the collateral (as distinguished from the note obligor) must have rights in it and sign a security agreement. Neither party disputes the right of Tillotson individually to secure a corporate obligation nor is there a dispute that he owned the vehicles.

The requirement that the owner of the collateral sign the security agreement can be satisfied by the signature of an agent. At the hearing, Tillotson testified that he signed the security agreement granting a lien on the automobiles without considering whether he was acting in an individual or corporate capacity. I find that Tillotson intended to grant a security interest in the motor vehicle and that the corporation had actual authority to encumber Tillotson's property. In other words Tillotson acting as a corporate officer had the actual authority to encumber property owned by him individually. Consequently the agent of the owner of the motor vehicles (here one and the same) signed the security agreement binding the owner and creating an enforceable security agreement between the bank and Tillotson. To require Tillot-

son to sign a second time individually where there is no dispute as to his intention would unduly emphasize form.

I further find that Tillotson does not have an equity in the collateral and that such property is not necessary to an effective reorganization. The plaintiff's requested relief with respect to the Chevrolet and Buick automobiles is GRANTED. Counsel for plaintiff will prepare an appropriate order and submit it to counsel for defendant for an opportunity to object as to its form.